NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PAUL McILWAINE, et al.<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN HONDA MOTOR<br>CO. INC., et al.<br><br>　　　　　　　Defendants. | Civil Action No. 08-3333 (JAP)<br><br>**OPINION** |

PISANO, District Judge.

Presently before the Court is a motion by third-party defendant Kevin Bohnert ("Bohnert") to dismiss American Honda Motor Company's ("Honda" or "Defendant") third-party complaint on the ground that all of Plaintiff's claims against Bohnert were settled in an earlier lawsuit. Honda opposes the motion. The Court has carefully considered the submissions of the parties for and against the various relief sought and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons below, Bohnert's motion is granted and the third-party complaint shall be dismissed.

I.   Background

This case arises from a automobile accident that occurred on January 18, 2006 in Tinton Falls, New Jersey. Comp.[1] ¶¶ 1,4; Certification of Robert Goodman ("Goodman

---

[1] The abbreviation "Comp." refers to the Amended Complaint filed in New Jersey Superior Court on January 18, 2008, which is attached to Defendants' Notice of Removal at Docket Entry No. 1.

Cert.") Ex. B ("Police Report").[2]  On that date, Ruth and Paul McIlwaine, were traveling northbound on the Garden State Parkway in a 1999 Honda Civic and were involved in a collision with a vehicle driven by Kevin Bonhert.  Police Report at 1.  Mrs. McIlwaine suffered fatal injuries and was pronounced dead at the scene, while Mr. McIlwaine was transported to the hospital with serious head and neck injuries.  *Id.* at 1-2.

Three successive civil suits ( all brought by Plaintiff) arose from this automobile accident:

- On or about January 22, 2007, Plaintiff filed a negligence complaint in New Jersey Superior Court against Bohnert on behalf of himself and the estate of his wife.  Plaintiff and Bohnert settled the case approximately a year later on January 11, 2008.

- On that same day the first action settled, January 11, 2008, Plaintiff, who was the passenger in the vehicle, filed a negligence complaint in the New Jersey Superior Court that named Mrs. McIlwaine, who was the driver of the vehicle, as defendant.  That action was settled on July 9, 2008.

- On January 14, 2008, the instant action was initiated by Plaintiff by way of a complaint filed in New Jersey Superior Court against Honda.  Plaintiff then filed an amended complaint on January 18, 2008, and the action was thereafter removed to this Court.  According to the Notice of Removal, the complaint was not served on Defendant until on or about June 6, 2008, and the matter was removed shortly thereafter.  On February 6, 2009, Honda answered the amended complaint and filed its two-count third-party complaint against

---

[2]The Police Report can also be found as Exhibit C to the Notice of Removal.

2

Bohnert for contribution and indemnification.

Bohnert now moves for dismissal of the third-party complaint, alleging that as a result of his settlement with Plaintiff, Honda's claims are barred.

II.   Analysis

A.   Contribution

Under New Jersey law, the right to contribution is governed by the New Jersey Joint Tortfeasors Contribution Law, which provides in the relevant part as follows:

> Where injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint tortfeasors, and the person so suffering injury or damage recovers a money judgment or judgments for such injury or damage against one or more of the joint tortfeasors, either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share; but no person shall be entitled to recover contribution under this act from any person entitled to be indemnified by him in respect to the liability for which the contribution is sought.

N.J.S.A. § 2A:53A-3. The *pro rata* scheme of the Joint Tortfeasors Contribution Law has been modified by the Comparative Negligence Act and, and as a result, "joint tortfeasors no longer share on a *pro rata* basis but on the basis of percentages of negligence assigned by the finder of fact." *Lee's Hawaiian Islanders, Inc., v. Safety First Prods.*, 195 N.J. Super. 493, 505, 480 A.2d 927 (App. Div. 1984). Taken together, these statutes form New Jersey's comparative fault scheme, which distributes loss among the parties "in proportion to the respective faults of the parties causing that loss." *Brodsky v. Grinnell Haulers, Inc.*, 181 N.J. 102, 114, 853 A.2d 940 (2004) (quoting *Blazovic v. Andrich*, 124 N.J. 90, 107, 590 A.2d 222 (1991)).

New Jersey courts have long held that "settlement with a joint tortfeasor . . . bars an action for contribution against the settling wrongdoer." *Theobald v. Angelos*, 44 N.J. 228, 232, 208 A.2d 129, 131 (N.J. 1965); *see also Rottland Homes of New Jersey Inc., v. Saul, Ewing, Remick & Saul, LLP,* 243 F.Supp.2d 145, 157 (D. Del. 2003) ("[A] plaintiff's settlement with a joint tortfeasor extinguishes the non-settling tortfeasor's right to claim contribution under New Jersey law."); *Verni ex rel. Burstein v. Harry M. Stevens, Inc.*, 387 N.J.Super. 160, 903 A.2d 475 (App. Div. 2006) ("Settling defendants have no further liability to any party beyond that provided in the terms of the settlement. Thus, even if the non-settler has cross-claimed for contribution, that claim is dismissed as a matter of law..."). Consequently, a "court should dismiss a non-settler's cross-claim for contribution as a matter of law as a result of a settlement," although the non-settling defendant is entitled to seek a credit reflecting the settling defendant's share of the amount of the verdict.[3]  *Young v. Latta*, 123 N.J. 584, 591, 589 A.2d 1020 (1991).

In the instant matter, there is no dispute that Bohnert settled with Plaintiff as to Plaintiff's claims arising from the automobile accident at issue in this case.  Accordingly, the contribution claim by Honda against Bohnert is dismissed.  However, Honda may seek to have the jury determine at trial the percentage of negligence, if any, that may be attributable to Bohnert.

---

[3]In such cases, "[t]he non-settling defendants must provide plaintiffs 'with fair and timely[ notice' of the intent to pursue a credit, and must prove liability." *Verni ex rel. Burstein v. Harry M. Stevens, Inc.*,  387 N.J.Super. 160, 209, 903 A.2d 475, 504 (App. Div. 2006)

B.      Indemnification

Under New Jersey law, the right to indemnification can arise from a contractual obligation or a special legal relationship between the parties, with the obligation in the latter situation being implied by operation of law. *Ramos v. Browning Ferris Indus. of South Jersey*, 103 N.J. 177, 188-89, 510 A.2d 1152 (1986); *Ruvolo v. U.S. Steel Corp.*, 133 N.J.Super. 362, 367, 336 A.2d 508 (Law Div.1975); *see also King v. Venetian Corp.*, 2009 WL 3489389, *5 (D.N.J. 2009) ("Under New Jersey law there must be a sufficient legal relationship between the parties to support a common law duty to indemnify") (citing *Estate of Spencer v. Gavin*, 400 N.J. Super. 220, 946 A.2d 1051, 1072 (App. Div. 2008)).

Honda's claim for indemnification appears to be for implied, as opposed to contractual, indemnification. However, there are no facts set forth in the third-party complaint which show the existence of the requisite special relationship between Bohnert and Honda. Consequently, Honda's indemnification claim fails, and it shall be dismissed.

III.    Conclusion

For the reasons above, third-party defendant's motion to dismiss the third-party complaint is granted. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge